IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Robert John Tate,<br><br>   Petitioner,<br><br>v.<br><br>United States,<br><br>   Respondent. | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:14-cv-00038-CW<br><br>Judge Clark Waddoups |

Robert Tate ("Petitioner") moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 180 months in prison. (Dkt. No. 1). For the reasons stated below, the motion is DENIED.

**BACKGROUND**

On November 5, 2007 and November 19, 2007, Petitioner pled guilty in Utah state court to five separate felonies, charged in five separate cases. Three of the five were charges of possession of a controlled substance with intent to distribute in violation of Utah Code § 58-37-8(1)(a)(iii). (Dkt. No. 1, pp. 7–14); (Case No. 2:12-cr-264, Dkt. No. 55, ¶¶ 48, 49, & 53). Two of the charges were of possession of a controlled substance in violation of Utah Code § 58-37-8(2)(i). (Dkt. No. 1, pp. 7–14); (Case No. 2:12-cr-264, Dkt. No. 55, ¶¶ 47 & 52). The events supporting the five separate charges occurred on October 22, 2006, January 1, 2007, March 2, 2007, August 8, 2007 and August 28, 2007. (Dkt. No. 1, p. 7); (Case No. 2:12-cr-264, Dkt. No. 55, ¶¶ 47, 48, 49, 52, and 53). Although Petitioner pled guilty to four of the five felonies on the same date, November 19, 2007, he received separate sentences for each of them which ran

concurrently. (Presentence Report, Case No. 2:12-cr-264, Dkt. No. 55, ¶¶ 47, 48, 49, and 52). Petitioner was discharged from the Utah State Prison on August 23, 2011.

On May 17, 2012, Petitioner was named in a four-count federal indictment for three counts of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1) and for one count of felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). (Case No. 2:12-cr-264, Dkt. No. 1). The government filed a notice of enhancement based on Petitioner having been convicted of at least three prior felony drug offenses, subjecting him to a sentence of not less than 15 years. (Case No. 2:12-cr-264, Dkt. No. 20). On January 15, 2013, Petitioner pled guilty to being a felon in possession of a firearm and ammunition. (Case No. 2:12-cr-264, Dkt. Nos. 39, 53). In the plea agreement, Petitioner acknowledged he was subject to a term of imprisonment of not less than 15 years and stipulated that he had previously been convicted of "three or more violent felonies and/or serious drug felonies." (Case No. 2:12-cr-264, Dkt. No. 39, ¶ 2). The stipulation listed the three prior drug convictions the government had laid out in its notice of enhancement. (*Id*, at ¶ 11).[1]

At the sentencing hearing, this court found the prior state convictions were sufficient to invoke the Armed Career Criminal Act under 18 U.S.C. § 924(e) (the "ACCA"), and sentenced Petitioner to the 15–year mandatory minimum sentence. (Case No. 2:12-cr-264, Dkt. No. 54). Petitioner now argues the court unlawfully applied the ACCA and filed this motion for habeas relief pursuant to 28 U.S.C. § 2255, asking the court to vacate, set aside, or correct his sentence. (Dkt. No. 1, pp. 1–6).

---

[1] The court acknowledges the discrepancy between the case numbers listed in the presentence report and those listed in both the notice of enhancement and Petitioner's statement in advance of his plea agreement. However, the case numbers listed in the presentence report were used to calculate Petitioner's criminal history for purposes of the Federal Sentencing Guidelines and—as explained below—do not affect the court's analysis here. It is undisputed that each of the convictions stipulated to in Petitioner's statement were for prior felony drug offenses.

**LEGAL STANDARD**

To be entitled to habeas relief under 28 U.S.C. § 2255, a petitioner must show he has the "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Shipp*, 589 F.3d 1084, 1087 n.1 (10th Cir. 2009) (alterations omitted). Notwithstanding the merits of a petitioner's § 2255 motion, such is generally "not available to test the legality of a matter which should have been raised on direct appeal [but was not]." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012).

**ANALYSIS**

**I.     PETITIONER'S § 2255 MOTION IS PROCEDURALLY BARRED FOR FAILURE TO RAISE THE ISSUES ON DIRECT APPEAL**

When a petitioner "fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *McGaughy*, 670 F.3d at 1159 (internal quotation marks omitted). "This procedural bar applies to a defendant's collateral attack on his sentence, just as it does to an attack on his conviction." *Id*. (alterations omitted). When a petitioner fails to show cause excusing his procedural default, thereby allowing relief only upon a finding of a fundamental miscarriage of justice, the Tenth Circuit has acknowledged that this is "a markedly narrow [exception], implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is **actually innocent**." *Id.* (emphasis added) (alterations and internal quotation marks omitted).

3

Petitioner concedes in his motion that he never directly appealed his sentence. (Dkt. No. 1, p. 2). Furthermore, he has shown no cause for this failure and makes no argument that he is actually innocent. To the contrary, Petitioner pled guilty to being a felon in possession of a firearm and ammunition, and now only argues the court should not have sentenced him under the ACCA. Because Petitioner has not presented any argument justifying his failure to appeal his sentence, he is procedurally barred from bringing this § 2255 motion.

## II.   PETITIONER'S MOTION FAILS ON THE MERITS

Even if Petitioner could show cause for his failure to raise this issue on direct appeal, his motion still fails on the merits.

The ACCA "mandates a 15–year term of imprisonment for a person who violates section 922(g) and has three previous convictions for a serious drug offense committed on occasions different from one another." *United States v. de los Santos*, 680 F.3d 1217, 1218 (10th Cir. 2012) (alterations and internal quotation marks omitted). Petitioner's contention lies with the court's determination that his prior state drug convictions constituted "three previous convictions" rather than one single conviction. He presents two arguments to support his position. First, he argues Tenth Circuit precedent requires the court to consider his three state convictions as one because they involved similar offenses and were dealt with in a single plea agreement. (Dkt. No. 1, p. 3). Second, Petitioner argues Utah state courts treat his convictions as one and, therefore, the Full Faith and Credit Clause of the U.S. Constitution and 28 U.S.C. § 1738 require the federal court to do the same. (*Id*. at 3–4). Alternatively, Petitioner argues that under *Alleyne v. United States*, ___ U.S.___, 133 S. Ct. 2151 (2013), he was entitled to have a jury determine any facts that would increase a mandatory minimum sentence, including the fact that he had three prior serious drug offenses. (Dkt. No. 1, p. 4–5).

4

### a. Tenth Circuit Precedent Requires a Finding of Three Previous Convictions

Petitioner relies on numerous cases to support his argument that Tenth Circuit precedent requires his prior state drug convictions to be consolidated. (Dkt. No. 1, p. 3) (citing *United States v. Alberty*, 40 F.3d 1132 (10th Cir. 1994); *United States v. Mohammed*, 150 Fed.Appx. 887 (10th Cir. 2005); *United States v. Asberry*, 394 F.3d 712 (9th Cir. 2005); *United States v. Huskey*, 137 F.3d 283 (5th Cir. 1998)). These cases, however, examine the criteria for determining whether prior convictions are related for the purposes of computing a defendant's criminal history under section 4A1.2 of the Federal Sentencing Guidelines. These cases are distinguishable because, here, the court did not impose Petitioner's sentence under section 4A1.2. Rather, it imposed Petitioner's sentence under the ACCA, which analyzes prior convictions differently than section 4A1.2. [2]

Unlike section 4A1.2, the ACCA looks at whether prior criminal offenses were committed "on occasions different from one another." *de los Santos*, 680 F.3d at 1219. The Tenth Circuit has interpreted this language to mean offenses committed at "distinct, different times," and has repeatedly held that similar acts of criminal conduct occurring closely in time may constitute separate, predicate offenses when the defendant "had a meaningful opportunity to cease his illegal conduct [but] … made the decision to continue engaging in criminal activity." *Id*. at 1220 (holding four cocaine related offenses that occurred within a one month time period were sufficiently separate and distinct offenses for purposes of applying the ACCA); *see also United States v. Tisdale*, 921 F.2d 1095 (10th Cir. 1990) (holding defendant's successive burglaries of two private businesses and a post office located within the same shopping mall were "separate and distinct criminal episodes" even though the convictions were prosecuted

---

[2] The court also conducted an analysis under section 4A1.2 and determined Petitioner's guideline range was between 188 to 235 months. The court then departed downward from this range and imposed the mandatory minimum sentence of 180 months under the ACCA. (Case No. 2:12-cr-264, Dkt. Nos. 54–55).

5

together); *United States v. Johnson*, 130 F.3d 1420 (10th Cir. 1997) (holding three drug offenses occurring on March 23, March 26, and August 26, 1993 constituted separate offenses even though each offense involved the sale of cocaine to an undercover officer).

Prior to his felon in possession of a firearm conviction, Petitioner was convicted of three felony counts of possession with intent to distribute a controlled substance and two felony counts of possession of a controlled substance. The offenses were committed on separate dates over nearly a 10-month timespan. (*Id.* at 8). Petitioner surely had a meaningful opportunity to cease his illegal conduct between each of these offenses, and nevertheless made the decision not to do so. Therefore, the court correctly determined these offenses were committed on occasions separate from one another and properly applied the ACCA.

b. **The Full Faith and Credit Provisions are Inapplicable to Federal Courts when Applying Federal Law**

Petitioner next argues the Full Faith and Credit Clause of the United States Constitution and 28 U.S.C. § 1738 require this court to give the same effect to his state court convictions that the state court would give them. Specifically, he claims Utah state courts treat related drug convictions as one conviction when the defendant pleads guilty to them in a single plea agreement. (Dkt. No. 1, pp. 2–4). However, not only does Petitioner fail to provide any authority to support his argument that Utah state courts treat his convictions as one, but his claim that the Full Faith and Credit provisions require this court to rely on the state court's treatment of his convictions is contrary to Tenth Circuit precedent. The Tenth Circuit has stated, "[e]ven if the Full Faith and Credit Clause were binding on federal courts—which it is not …—the characterization of state court judgments to determine their consequences [on a federal sentence] is a federal question." *United States v. Carter*, 186 Fed. Appx. 844, 847 (10th Cir. 2006) (citing *Univ. of Tenn. v. Elliot*, 478 U.S. 788, 799 (1986)). "It does not accord a state judgment less than

full faith and credit for a federal court to determine its effect on a subsequent federal sentence under federal law." *Id.* Therefore, even if Utah state courts do treat Petitioner's convictions as one, this court must still analyze the effects of the prior convictions under the Tenth Circuit's ACCA jurisprudence. As explained above, the Court properly considered Petitioner's convictions as separate criminal offenses and appropriately applied the ACCA.

### c. *Alleyne* Neither Applies Retroactively to Cases on Collateral Review, nor Would It Render Petitioner's Sentence Unconstitutional if It Were Applied Retroactively

#### i. *Alleyne Does not Apply Retroactively to Cases on Collateral Review*

The Tenth Circuit has expressly stated that the rule in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) "has not been made retroactive to cases on collateral review by the Supreme Court." *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (internal quotation marks omitted). Petitioner concedes this fact in his motion, but argues the Court has overlooked the fact that *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), thereby creating a new rule. (Dkt. No. 1, p. 5). Petitioner further argues new rules are automatically retroactive. (*Id.*). Although Petitioner is correct that *Alleyne* overruled *Harris*, his conclusion that new rules are automatically retroactive is a misstatement of the law. The Tenth Circuit explained in *In re Payne* that a new rule of law created from a United States Supreme Court decision is not automatically retroactive to cases on collateral review. Rather, this "requirement is satisfied only if the [Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review." *In re Payne*, 733 F.3d at 1029 (alterations omitted). The Supreme Court has never held that *Alleyne* applies retroactively and, therefore, it does not apply to Petitioner's case.

#### ii. *Petitioner's Claim Fails even if Alleyne Applied Retroactively*

Even assuming *Alleyne* retroactively applied to Petitioner's case, his argument would still fail. *Alleyne* considered the general rule laid out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),

7

which held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime. *Apprendi*, 530 U.S. at 490. As such, the Sixth Amendment provides defendants with the right to have a jury find those facts beyond a reasonable doubt. *Id*. at 484. *Alleyne* held that the reasoning in *Apprendi* not only applied to "facts increasing the statutory maximum [sentence]," but also "to facts increasing the mandatory minimum." *Alleyne*, 133 S.Ct. at 2160, *overruling Harris v. United States*, 536 U.S. 545 (2002). However, "[i]n *Almendarez-Torres v. United States,* 523 U.S. 224, (1998), the Court held that **the fact of a prior conviction** need not be submitted to a jury and proved beyond a reasonable doubt to serve as the basis for enhancing a defendant's sentence." *United States v. Ridens*, 792 F.3d 1270, 1274 (10th Cir. 2015) (emphasis added). *Almendarez-Torres*' narrow exception to the general rule survived *Apprendi*, *see Apprendi*, 530 U.S. at 489–90, and *Alleyne* explicitly declined to revisit the question. *See Alleyne*, 133 S.Ct. at 2160 n. 1. Therefore, under *Alleyne*, the fact of a prior conviction is not required to be found beyond a reasonable doubt by a jury even though it would increase the mandatory minimum sentence. As such, Petitioner's Sixth Amendment rights were not violated, and the court appropriately found his three prior drug count convictions were sufficient to apply the ACCA's 15–year mandatory minimum sentence.

## CONCLUSION

For the above stated reasons, Petitioner's § 2255 motion to vacate, correct or set aside his sentence is DENIED.

SO ORDERED this 14th day of January, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

8